United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATES,<br>Plaintiff,<br>v.<br>MATHIAS LANGLOTZ, et al.,<br>Defendants. | Case No. 16-cv-02066-EDL<br><br>**REPORT AND RECOMMENDATION TO REMAND; ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND REASSIGNING CASE**<br><br>Re: Dkt. Nos. 1, 2 |

On April 20, 2016, Defendants Mathias Langlotz and Michelle Langlotz filed a notice of removal of this unlawful detainer case filed by Plaintiff against Defendants in Contra Costa County Superior Court on February 29, 2016, as well as applications on behalf of each of them to proceed *in forma pauperis* ("IFP Application"). As the parties have not yet consented to this Court's jurisdiction, the Court issues this Report and Recommendation and reassigns this case to a district judge. For the reasons set forth below, the Court grants Defendants' Applications to Proceed In Forma Pauperis and recommends remanding this matter to state court.

Defendant Mathias Langlotz's Application to Proceed In Forma Pauperis adequately alleges his poverty. Defendant is not employed, his monthly expenses appear to exceed his monthly income, and he has two dependents. He does not own a home and does not have a bank account. He has $20.00 in cash. Therefore, Defendant qualifies for In Forma Pauperis status, and his Application is granted.

Defendant Michelle Langlotz's Application to Proceed In Forma Pauperis adequately alleges her poverty. Defendant is not employed, her monthly expenses appear to exceed her monthly income, and she has two dependents. She does not own a home and does not have a bank account. She has $20.00 in cash. Therefore, Defendant qualifies for In Forma Pauperis status, and her Application is granted.

However, the Court lacks subject matter jurisdiction in this case and the case should be remanded. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Although Defendants base their notice of removal on federal question jurisdiction, none exists. When a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. However, a case may be removed pursuant to 28 U.S.C. § 1441 only when a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Here, the face of the complaint asserts only one state law claim for unlawful detainer. No federal question appears

on the face of Plaintiff's complaint.  Because the complaint does not provide any basis for removal, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.

Defendants suggest that a federal question exists because they filed a demurrer that they assert " depends on the determination of Defendant's rights and Plaintiff's duties under federal law."  Federal question jurisdiction, however, cannot be premised on an issue raised in a demurrer. Gomez v. G.E. Contreras, Inc., 2009 WL 363724, at *3 (C.D. Cal. Feb. 12, 2009) (court refuses to "jettison the well-pleaded complaint rule, which federal courts have applied to determine the existence of federal question jurisdiction for more than a century, and adopt a new 'well-pleaded subsequent pleading' rule").  Even if this was not the case, the demurrer does not raise a federal question.  Rather, Defendants' notice of removal states that the ground for the demurrer is defective notice under California law.  Dkt. 1 at p. 2.

Moreover, Defendants do not base their notice of removal on diversity jurisdiction, and no such basis is evident from the complaint.  Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  The complaint does not allege Plaintiff's citizenship.  The complaint also does not indicate that the damages at issue meet the jurisdictional minimum.

Accordingly, the Court recommends remanding this case to the Contra Costa County Superior Court.  Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: April 25, 2016

ELIZABETH D. LAPORTE
United States Magistrate Judge

3